

JUDGE DANIELS



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HERCULES TECHNOLOGY GROWTH CAPITAL,          §
INC., derivatively on behalf of ACTIVE RESPONSE   §
GROUP, INC.,                                      §
                                                  §
                 Plaintiff,                       §
                                                  §
          v.                                      §
                                                  §
BRAD POWERS, LELAND H. NOLAN, JUD                 §
TRAPHAGEN, FLORIN C. VICOL, and BHAVIN            §
SHAH,                                             §
                                                  §
                 Defendants.                      §

**Civil Action No.:**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Hercules Technology Growth Capital, Inc. ("Hercules"), derivatively on behalf of Active Response Group, Inc. ("ARG" or the "Company"), by and through its attorneys Morgenstern & Blue, LLC, for its Complaint against defendants Brad Powers, Leland H. Nolan, Jud Traphagen, Florin C. Vicol, and Bhavin Shah (collectively "Defendants") alleges as follows:

### NATURE OF THE ACTION

1.     This is an action brought by Hercules, derivatively on behalf of ARG, against Defendants, who served as officers and/or directors of ARG, for breach of their fiduciary duties of care and loyalty, waste, gross mismanagement, and unjust enrichment.

2.     ARG suffered losses as a result of the Defendants' participation in, and failure to prevent, mismanagement of the corporation, improper reversal of liability of certain accounts payable, improper recording of company books in order to understate liabilities and include sizeable receivables that were uncollectible when first booked, and the improper categorization of certain software development costs as capitalized expenses.

## THE PARTIES

3.     Plaintiff Hercules is a Maryland corporation with its principal place of business in Baltimore, Maryland. Hercules is a creditor of ARG, which is a Delaware corporation.

4.     Defendant Florin C. Vicol ("Vicol") is Chief Financial Officer and a Director of ARG. Upon information and belief, Mr. Vicol is a resident of New Jersey.

5.     Defendant Brad Powers ("Powers") is Chief Executive Officer and Director of ARG. Upon information and belief, Mr. Powers is a resident of New York.

6.     Defendant Leland H. Nolan ("Nolan") is a Director of ARG.  Upon information and belief, Mr. Nolan is a resident of New York.

7.     Defendant Jud Traphagen ("Traphagen") is a Director of ARG. Upon information and belief, Mr. Traphagen is a resident of New York.

8.     Defendant Bhavin Shah ("Shah") is a Director of ARG. Upon information and belief, Mr. Shah is a resident of Massachusetts.

## OBLIGATIONS OF THE DEFENDANTS

9.     At all relevant times, Defendants, by reason of their corporate director and/or executive officer positions, owed fiduciary duties to the Company, which fiduciary duties required them to exercise the utmost care, loyalty, and their best judgment, and to act in a prudent manner and in the best interests of the Company.

10.    As fiduciaries, each of the Defendants owed to ARG the duty to exercise due care, diligence, and loyalty in the management and administrative affairs of the Company and in the use and preservation of its assets.

11.     To discharge these duties, the Defendants were required to exercise reasonable and prudent supervision over management, policies, practices, controls, and financial and corporate affairs of ARG.

12.     Defendants were required, among other things, to manage, conduct, supervise, and direct the employees, business, and affairs of ARG in accordance with applicable laws, rules, and regulations; maintain and implement an adequate system of internal controls at ARG, including financial, accounting, and management information systems; ensure the prudence and soundness of policies and practices undertaken by ARG, and upon receiving notice of information of unsafe, imprudent or illegal practices, to make a reasonable investigation in connection therewith and to take steps to correct that condition or practice; supervise the preparation, filing and/or dissemination of any press releases, audits, reports or other information disseminated by ARG and to examine and evaluate any reports of examinations, audits, or other information concerning the financial state of ARG; and assure the assets of the Company are utilized most effectively and capital expenditures and appropriations are reviewed.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1332 based upon diversity and based upon the amount in controversy, which exceeds the sum of $75,000, exclusive of interests and costs.

14.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(a)(2) insofar as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## DERIVATIVE ALLEGATIONS

15.     Plaintiff brings this action derivatively, on behalf of ARG, to enforce its claims against the Defendants, which claims may properly be asserted by the Company.

16.     Under Delaware law, Hercules, as a creditor of ARG, which is insolvent, may bring this derivative action on behalf of the Company to recover damages for all of the conduct described herein.

## SUBSTANTIVE ALLEGATIONS

17.     On March 30, 2007, Hercules, as lender, entered into a Loan and Security Agreement (the "Agreement") with ARG, as borrower. Pursuant to the Agreement, Hercules loaned ARG $10,000,000. The Agreement was subsequently amended and restated so that Hercules also made available to ARG a revolving facility in an aggregate principal amount of up to $3,500,000. Therefore, Hercules is a creditor of ARG.

18.     Over the course of the relationship between Hercules and ARG created by the Agreement, as also subsequently amended, ARG officers and/or directors, including, but not limited to, Powers, Nolan, Vicol, Traphagen and Shah made misrepresentations to Hercules resulting in serious damages to ARG and Hercules, which relied on said misrepresentations.

19.     Under Defendants' management and direction, the value of ARG drastically decreased to ARG's detriment.   Such decrease in value of ARG was the direct result of Defendants' mismanagement of ARG's business.

20.     In April 2008, Vicol was hired by ARG to replace Vasant Nanavati as Chief Financial Officer.

21.     After joining ARG, Vicol changed the way the Company kept its financial records.  Vicol ceased updating ARG financial records in Quickbooks, and adopted an ad hoc

4

spreadsheet to record financials. Upon information and belief, the ad hoc spreadsheet method of keeping ARG financial records did not comport with generally accepted accounting principles.

22.    Also, under the direction of Vicol, certain software development expenses were improperly recorded as capitalized expenses. Consequently, ARG's financial statements did not accurately reflect its financial condition.

23.    Vicol also engaged in the practice of booking accounts receivable for services sold by ARG to customers that Vicol should have known had no ability to pay for such services. In April of 2009, ARG wrote off these receivables, including a significant amount that had not even aged 90 days.

24.    Anticipating a possible settlement with creditors, ARG, under the direction of Vicol, wrote-off certain accounts payable, before such settlements were actually agreed to.

25.    Moreover, under the direction of Vicol, ARG incurred significant liabilities to consumers in exchange for receiving consumer data, in the form of gratuitous gifts, such as iPods and other electronics, which were never booked as liabilities and remain to a large degree unsatisfied.

26.    As a result, ARG's books and records significantly understated ARG's liabilities and included sizeable receivables that appear to have been uncollectible when first booked. Consequently, ARG's financial statements did not accurately reflect its financial condition.

27.    Further, ARG's contractual reporting requirements were breached as a result of such misrepresentations of the financial statements.

28.    Those misrepresentations and breaches of contract harmed not only those who relied on such financial statements, including Hercules, but harmed ARG by creating liabilities for breach of contract and by permitting the continued operation of ARG's business when its true

financial state did not warrant continued operation, all of which was done for the purpose of continuing Powers' and Vicol's salaries, thereby constituting a breach of Powers' and Vicol's fiduciary duties to ARG.

29.    At or about the same time, Vicol and Powers were paying themselves significant funds from ARG's accounts allegedly to reimburse funds they had advanced to the Company to pay for certain Company expenses. However, some of these expenses were either unnecessary and/or personal expenses that should not have been reimbursed by ARG.

30.    Upon information and belief, on numerous occasions Vicol and Powers were paid based upon statements from their personal credit cards without any verification of a proper business expense. Vicol and Powers failed to employ a reasonable expense reimbursement procedure or require adequate safeguards and procedures to protect against inappropriate reimbursement of unnecessary or personal expenses, thus constituting a breach of their fiduciary duties to ARG.

31.    In connection with the allegations stated above, the Defendants failed in their oversight of ARG and further failed to evaluate potential corporate opportunities to maintain the value of ARG.  The Defendants failed to act independently or in good faith, resulting in a breach of their duty of care and loyalty to ARG.

32.    At the time of the allegations stated above and the actions and omissions by Defendants, ARG was insolvent and suffered from a lack of sufficient operating cash and/or was in the eminent danger of becoming insolvent.

### FIRST CAUSE OF ACTION
### FOR BREACH OF FIDUCIARY DUTY
### (DUTY OF CARE)
### (Against Defendants Vicol & Powers in their Capacity as Officers)

33.    Paragraphs 1 to 32 of the Complaint are incorporated as if stated fully herein.

34.    At all relevant times, Defendants owed to the Company a duty to exercise due care in the management and administration of Company affairs.

35.    To discharge this duty, Defendants were required to exercise reasonable and prudent supervision over the management, policies, practices, controls, and financial affairs of ARG.

36.    The Defendants breached their fiduciary duty of care by, among other things, preparing ARG financial statements containing misrepresentations, which misled creditors; making improper write-offs of certain accounts payable; permitting the Company to engage in the unlawful categorization of certain software development costs as capitalized expenses, and the improper recording of company books in order to understate liabilities and include sizeable receivables that were uncollectible when first booked, and at all times thereafter.

37.    As a proximate result thereof, ARG has been damaged in an amount to be determined at trial, but believed to be in excess of ten million dollars ($10,000,000.00), plus pre-judgment and post-judgment interest at the maximum rate allowable by law.

### SECOND CAUSE OF ACTION
### FOR BREACH OF FIDUCIARY DUTY
### (DUTY OF LOYALTY)
### (Against Defendants Vicol & Powers in their Capacity as Officers)

38.    Paragraphs 1 to 37 of the Complaint are incorporated as if stated fully herein.

39.    At all relevant times, Defendants owed to the Company a duty of loyalty in the management and administration of Company affairs.

40.    The Defendants breached their fiduciary duty of loyalty by, among other things, permitting the continued operation of ARG's business when its true financial state did not warrant continued operation, all of which was done for the sole purpose of continuing Powers's, and Vicol's sizable salaries.

41.    Additionally, Vicol and Powers breached their duty of loyalty by paying themselves significant funds from ARG's accounts to reimburse funds they had advanced to the Company to pay for certain unnecessary and/or personal expenses that should not have been reimbursed by ARG.

42.    Defendants failed to employ a reasonable expense reimbursement procedure or require adequate safeguards and procedures to protect against inadvertent reimbursement of unnecessary or personal expenses, thus constituting a breach of their fiduciary duties to ARG.

43.    As a proximate result thereof, ARG has been damaged in an amount to be determined at trial, but believed to be in excess of ten million dollars ($10,000,000.00), plus pre-judgment and post-judgment interest at the maximum rate allowable by law.

### THIRD CAUSE OF ACTION
### FOR BREACH OF FIDUCIARY DUTY
### (DUTY OF CARE)
### (Against All Defendants in their Capacity as Directors)

44.    Paragraphs 1 to 43 of the Complaint are incorporated as if stated fully herein.

45.    At all relevant times, Defendants owed to the Company a duty to exercise due care in the management and administration of Company affairs.

46.    To discharge this duty, Defendants were required to exercise reasonable and prudent supervision over the management, policies, practices, controls, and financial affairs of ARG.

47.    The Defendants breached their fiduciary duty of care by, among other things, preparing ARG financial statements containing misrepresentations, which misled creditors; making improper write-offs of certain accounts payable; permitting the Company to engage in the unlawful categorization of certain software development as capitalized expenses, and the improper recording of company books in order to understate liabilities and include sizeable receivables that were uncollectible when first booked, and at all times thereafter.

48.    As a proximate result thereof, ARG has been damaged in an amount to be determined at trial, but believed to be in excess of ten million dollars ($10,000,000.00), plus pre-judgment and post-judgment interest at the maximum rate allowable by law.

**FOURTH CAUSE OF ACTION**
**FOR BREACH OF FIDUCIARY DUTY**
**(DUTY OF LOYALTY)**
**(Against All Defendants in their Capacity as Directors)**

49.    Paragraphs 1 to 48 of the Complaint are incorporated as if stated fully herein.

50.    At all relevant times, Defendants owed to the Company a duty of loyalty in the management and administration of Company affairs.

51.    The Defendants breached their fiduciary duty of loyalty by, among other things, permitting the continued operation of ARG's business when its true financial state did not warrant continued operation, all of which was done for the sole purpose of continuing Powers's and Vicol's sizable salaries.

52.    Additionally, Vicol and Powers breached their duty of loyalty by paying themselves significant funds from ARG's accounts to reimburse funds they had advanced to the Company to pay for certain unnecessary and/or personal expenses that should not have been reimbursed by ARG.

53.    Defendants failed to employ a reasonable expense reimbursement procedure or require adequate safeguards and procedures to protect against inadvertent reimbursement of unnecessary or personal expenses, thus constituting a breach of their fiduciary duties to ARG.

54.    As a proximate result thereof, ARG has been damaged in an amount to be determined at trial, but believed to be in excess of ten million dollars ($10,000,000.00), plus pre-judgment and post-judgment interest at the maximum rate allowable by law.

## FIFTH CAUSE OF ACTION
### WASTE
#### (Against all Defendants)

55.    Paragraphs 1 to 54 of the Complaint are incorporated as if stated fully herein.

56.    In breach of their fiduciary duties of care and loyalty owed to the Company, Defendants participated in or willfully failed to prevent misconduct that caused the Company to waste its valuable assets and otherwise expend unnecessarily and/or improperly its corporate funds in a manner not in the best interests of the Company.

57.    As a proximate result thereof, ARG has been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY FOR GROSS MISMANAGEMENT
#### (Against All Defendants)

58.    Paragraphs 1 to 57 of the Complaint are incorporated as if stated fully herein.

59.    Defendants possessed a duty to ARG to prudently supervise, manage, and control ARG business operations.

60.    The Defendants by their actions and/or inactions, either directly or through aiding and abetting, abandoned and abdicated their responsibilities and duties with regard to prudently managing the business and assets of ARG.

61.    By subjecting ARG to the unreasonable risk of insolvency, significant decrease in value, or substantial losses due to their failure to monitor, prevent, and/or report improper acts of ARG officers and/or directors, Defendants failed to responsibly and with due care and loyalty oversee and implement proper business and accounting practices at ARG, thereby breaching their duties of loyalty and due care in the management and administration of ARG's affairs and in the use and preservation of ARG's assets.

62.    During the course of the discharge of their duties, Defendants knew or recklessly disregarded the unreasonable risks associated with the wrongful conduct described herein, and either participated in or failed to monitor and/or disclose ARG's illegal/improper business practices in accordance with their duties to ARG. As a result, the Defendants grossly mismanaged or aided and abetted in the gross mismanagement of ARG and its assets.

63.    As a proximate result thereof, ARG has been damaged in an amount to be determined at trial, but believed to be in excess of ten million dollars ($10,000,000.00), plus pre-judgment and post-judgment interest at the maximum rate allowable by law.

## SEVENTH CAUSE OF ACTION
### UNJUST ENRICHMENT
#### (Against All Defendants)

64.    Paragraphs 1 to 63 of the Complaint are incorporated as if stated fully herein.

65.    By their wrongful acts and omissions, Defendants were unjustly enriched at the expense of and to the detriment of ARG.

66.    Plaintiff, as creditor and representative of ARG, seeks restitution from Defendants and seeks an order of this Court disgorging all profits, benefits and other compensation obtained by Defendants from their wrongful conduct and fiduciary breaches.

67.    As a proximate result thereof, ARG has been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in favor of the Company against all defendants as follows:

68.    Declaring that Defendants have violated and/or aided and abetted in the breach of fiduciary duties owed to the Company.

69.    Awarding damages to be determined at trial, but believed to be in excess of ten million dollars ($10,000,000.00) plus pre-judgment and post-judgment interest at the maximum rate allowable by law in favor of plaintiff, the precise amount to be proven at trial, and against defendants, jointly and severally.

70.    Awarding plaintiffs interest, costs and reasonable attorneys fees; and

71.    Granting such further and other relief as the Court deems just and proper.


Dated: December 7, 2009

MORGENSTERN & BLUE, LLC

By: _____
    Gregory A. Blue
    Rachel K. Marcoccia
    885 Third Avenue
    New York, NY 10022
    Telephone: (212) 750-6776
    Facsimile: (212) 750-3128

*Attorneys for Plaintiff*